UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


INTERNATIONAL TECHNOLOGIES
CONSULTANTS, INC.,

        Plaintiff,

v.                                                                                         Case No. 07-13391
                                                                                           Honorable Julian Abele Cook, Jr.

LESLIE T. STEWART and STEWART
ENGINEERS & ASSOCIATES, INC.,

        Defendants.


<u>ORDER</u>

This litigation involves claims by the Plaintiff, International Technologies Consultants

("ITC"), that the Defendants, Leslie T. Stewart and Stewart Engineers & Associates, Inc., had (1)

engaged in unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B),

(2) participated in common law unfair competition, (3) intentionally interfered with its contractual

relations, and (4) purposefully interfered with a business relationship or expectancy.

On September 4, 2007, the Defendants filed a motion to dismiss pursuant to Fed. R. Civ.

P. 12(b)(1).[1]  On September 20, 2007, this motion, along with the Plaintiff's timely response, was

referred to Magistrate Judge Donald Scheer for a report and recommendation.  On March 12, 2008,

he submitted his report to the Court, in which included a recommendation  that the Court deny the

---

[1]Fed. R. Civ. P. 12(b)(1) states the following: "Every defense to a claim for relief in any
pleading must be asserted in the responsive pleading if one is required. But a party may assert
the following defenses by motion . . . (1) lack of subject-matter jurisdiction."

1

Defendants' motion to dismiss.[2]

The Magistrate Judge Scheer, after noting that (1) count one of the complaint is premised on the violation of a federal statute (namely, § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)) and (2) the Plaintiff had stated a claim upon which relief may be granted, opined that this Court has original subject matter jurisdiction under 15 U.S.C. § 1121. He also expressed the view that, "because the state and federal claims derive from a common nucleus of operative fact," the Court is entitled to "exercise its jurisdiction over the state law claims so that the entirety of the dispute between the parties can be resolved in a single action."

The Defendants filed a timely objection to his report on March 26, 2008. However, a reading of their objections reveals that their arguments have failed to challenge the magistrate judge's conclusion (namely, that the Plaintiffs have stated a valid claim under federal law). Rather, it appears that the Defendants have concentrated their concerns over the likelihood of the success by the Plaintiffs in conjunction with the state law claims.

The Court agrees with the Plaintiff's response to these objections to the state law issues when it stated that "the [Defendants'] attack is based upon numerous factual determinations that are not suitably addressed in a [Fed. R. Civ. P.] Rule 12(b)(6) motion, but rather would require

---

[2]While the caption of the Defendants' motion indicates that it challenges this Court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the challenge to the Plaintiff's federal claim in Count I is actually premised on Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted. If the Defendants cannot show that the Plaintiff has failed to state a claim upon which relief can be granted under count I, the challenge to this Court's subject matter jurisdiction over the Plaintiff's state law claims would be unavailing, as the Court would have supplementary jurisdiction over those remaining claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

further factual development."[3]  The factual questions that were raised by the Defendants do not adversely affect the findings of the magistrate judge who concluded that the Plaintiff, through its complaint, stated a valid claim under Fed. R. Civ. P. 12(b)(6).

Therefore, the Court, having carefully reviewed the challenged report from Magistrate Judge Scheer, the Defendants' objections to that report, as well as the Plaintiff's response to the objections, is satisfied that a valid federal claim has been articulated and constitutes a sufficient basis upon which to reject a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Accordingly, the magistrate judge's report in adopted in full.


IT IS SO ORDERED.

Dated:  March 31, 2008          s/ Julian Abele Cook, Jr.
      Detroit, Michigan       JULIAN ABELE COOK, JR.
       United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 31, 2008.


s/ Kay Alford
Case Manager

---

[3]For example, the objections are based upon factual allegations that the statements contained in the letters from the Defendants to clients of the Plaintiff are true and therefore "truth is a complete defense to libel" and that the "defendant has the burden of proof to show that the defendant had knowledge of a falsity or reckless disregard for the truth."

3