## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

_____

**INTERNATIONAL TECHNOLOGIES
CONSULTANTS, INC.,**

       *Plaintiff,*

                                    HONORABLE <u>JULIAN ABELE COOK</u>

vs.                                   HONORABLE <u>DONALD A. SCHEER</u>

                                    CIVIL ACTION NO. <u>2:07-cv-13391</u>

**LESLIE T. STEWART and
STEWART ENGINEERS & ASSOCIATES, INC.**

       *Defendants.*

---

Robert C.J. Tuttle      (P25222)           Jerome B. Greenbaum    (P14325)
Robert C. Brandenburg  (P28660)           David E. Plunkett       (P66696)
**BROOKS KUSHMAN P.C.**                 **WILLIAMS, WILLIAMS, RATTNER**
1000 Town Center                               **& PLUNKETT, P.C.**
Twenty-Second Floor                   380 Old N. Woodward, Suite 300
Southfield, Michigan 48075-1238      Birmingham, MI 48009
Tel:   (248) 358-4400                   Tel:   (248) 642-0333
Fax:   (248) 358-3351                  Fax:   (248) 642-0856

      *Attorneys for Plaintiff*                     *Attorneys for Defendants*
        *and Cross-Defendant*

---

## INTERNATIONAL TECHNOLOGIES CONSULTANTS'
## AND DEAN WILEY'S RESPONSE TO
## <u>DEFENDANTS' MOTION TO COMPEL</u>



**Brooks Kushman P.C.**
1000 Town Center, 22ᵈ Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

## <u>CONCISE STATEMENT OF THE QUESTION PRESENTED</u>

Should the Court deny Defendants' motion to compel because the discovery requests have been properly responded to?

Cirrus answers:        *Yes.*



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield,  MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

## <u>TABLE OF AUTHORITIES</u>

*General Motors Corp. v. Keystone Automotive Industries, Inc.*,

       Case No. 02-74587, slip. op. (E.D. Mi. 6/16/04) (Exhibit 4)  . . . . . . . . . . . . .  5

*Goodyear Tire & Rubber. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003)  . . . . . .  7

*Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390 (5th Cir.1969) . . . . . . . . . . . . . . . .  4

*Quicken Loans v. Jolly*, 2007 WL 3408551 (E.D. Mi. 2007) (Exhibit 2)

       affd slip. op. (E.D. Mi. 11/28/07) (Exhibit 3)  . . . . . . . . . . . . . . . . . . . . . . . .  3, 4

FRE 408  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

# I. BACKGROUND

Plaintiff International Technologies Consultants brought this suit to prevent unfair and untrue attacks by defendants (jointly JEA) against plaintiff in several ongoing projects where the parties competed for business.  (Complaint, Docket No. 1.)

The parties made detailed argument and factual discloses related to plaintiff's claims in regard to plaintiff's motion for a preliminary injunction and in response to SEA's motion to dismiss plaintiff's complaint.  The motion to dismiss was denied after adoption of the Magistrate Judge's 19-page Report and Recommendation.  (Docket Nos. 21 and 26.)  SEA was enjoined against further attacks in a 21-page opinion.  (9/23/08 Order, Docket No. 38.)

SEA also filed a counterclaim and third party complaint of 8 counts against ITC and it president, Dean Wiley.  (Docket No. 12.)  International Technologies Consultants and Mr. Wiley will jointly be referred to as ITC.  The counterclaim alleges vague allegations going back 20 years.

SEA served its first set of discovery on October 14, 2008.  (SEA Exhibit (DX) B.) ITC timely responded on November 14, 2008.  (DX A.)

On January 29, 2009, plaintiffs produced extensive records, of which defendants' counsel copied 2793 documents and three computer disks having 2490 electronic files, primarily drawings.  (Declaration of Robert C. Brandenburg, ITC Exhibit (PX) 1, ¶ 3.)  These were in addition to numerous documents produced in connection with the complaint and the motion papers.

SEA served a second set of discovery on January 22, 2008.  ITC timely responded on February 24, 2008.  (DX G.)



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield,  MI 48075-1238
USA

Tel     (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

## II.  <u>INITIAL INSTRUCTIONS AND OBJECTIONS</u>

In General Objection No. 1 to each set of discovery, ITC objected to the time, manner and location of the production.  It promptly offered to produce responsive documents at its counsel's office, where the documents were produced.  The objection was proper.

In General Objection No. 2 to each set of discovery, ITC objected to the requests as unclear and unduly burdensome to answer given the extensive prefatory materials in the form of definitions, instructions and other commentary.  (DX A, p. 1, DX G, p. 1.)  For the first set these consisted of 11 pages of text with over 3260 words. An additional 700 words of commentary are interspersed in the requests.  In comparison, the requests themselves only include 2928 words. In the second set of discovery, SEA repeated the same 11 pages of text, while the number of words in the actual requests decreased to 1130 words.  ITC noted that many of the instructions and definitions had no relationship to the actual requests.  ITC properly observed that to maintain a meaningful understanding of the request to be responded to in view of these extensive instructions and definitions is all but impossible.  The objection is proper.

In General Objection No. 4 to each set of discovery, ITC objected to the request to include electronically stored data as being unduly burdensome and expensive given the needs of this case.  ITC does not have the capability to easily search its electronic data.  Despite this, ITC located and produced three computer disks having 2490 electronic files in their native format.  In comparison, SEA has produced no electronic data in its native format.  The objection is proper.

**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

-2-

### III.  DISCOVERY REQUESTS

A.    Improper Use Of Requests

JEA served 29 requests to admit in its first set of discovery, to which Cirrus timely responded, with an additional 3 requests to admit in its second set of discovery.  Each request was grouped with an interrogatory, to be answered based on how the admission request was responded to, and with a document request, to be answered based on how the interrogatory was answered. A review shows that ITC's responses were a good faith attempt to respond to these groupings, which were often irrelevant and/or overburdensome and often directed to improper subject matters for admissions.

This Court has recognized that requests to admit, coupled with interrogatories, are a rather blunt instrument and improper when used as a discovery device.  In *Quicken Loans v. Jolly*, 2007 WL 3408551, *2 (E.D. Mi. 2007) (PX 2), this Court was faced with a similar situation:

> Tri-County Title has propounded 56 interrogatories and 44 requests for admission, many of which are "contention" style discovery requests. ...
>
> Review of requests to admit 19, 20, 21, 22, 23, 24, 25, 26, and 27 demonstrates that they are nothing more than requests that Plaintiff admit to the mixed factual and legal conclusion that each of the elements on various claims in Plaintiff's complaint are wrong, and if this is not unequivocally admitted to response to related interrogatories and document requests demonstrating: "Each and every fact upon which you rely to support your response; (b) The name, address and telephone number of each and every witness who can support your response; (c) Identify each and every document upon which you rely in support of your response."
>
> These discovery efforts in effect seek to have the Plaintiff recant on its contentions in the complaint or produce Plaintiff's entire case in response.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

-3-

The Court quoted *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390 (5th Cir.1969) that "Rule 36 is not a discovery device, and it proper use is a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove. MOORE'S FEDERAL PRACTICE, 36.04(2); Wright, FEDERAL COURTS, sec. 89 at p. 343." Thus, such request should not be used as "'contention' style discovery requests." *Quicken Loans*, at *1. Admission requests directed to conclusions of law or to a central fact in dispute are improper. *Id*.[1]

A review shows the admission requests were designed to take discovery as to central facts in dispute in this case or conclusions of law. For example, the first group and responses read:

1.   REQUEST FOR ADMISSION NO. 1.
        Admit that ITC has used, is using or plans to use SEA's designs, or components thereof, in the Arabian United Float Glass Company ("AUFGC") project and/or any other float glass manufacturing plant projects, whether such projects have been completed, are in progress, or are in the planning stages.
     RESPONSE:
        Denied.

     INTERROGATORY NO. 1.
        If Request for Admission #1 is not unequivocally admitted, state all facts, identify all witnesses and identify all documents that support your non-admission.
     RESPONSE:
        ITC has not used, is not using and has no plans to use SEA's designs, or components thereof, in the Arabian United Float Glass Company ("AUFGC") project and/or any other float glass manufacturing plant projects. To the extent a negative can be proven, Dean Wiley can testify.

     DOCUMENT REQUEST 1.
        Please produce all documents identified in your response to the previous interrogatory. Specifically, provide a complete set of engineering drawings, blueprints or plans that have been, are being, or will be used in conjunction with



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

---

[1] Judge Friedman affirmed the Magistrate Judge's opinion stating "the Court finds that the Magistrate Judge's determination is adequately supported by the applicable law." (PX 3.)

-4-

each float glass manufacturing plant project subsequent to the Muliaglass Project in which ITC has been involved, or plans to attempt to play any role in, to the extent they are known as of the date of your answer.

<u>RESPONSE</u>:

None identified.

However, rather than just objecting to the requests in their entirety, ITC sought to move the case forward by its providing clarifying information in addition to any objections. This is a procedure this Court has previously approved. See, *General Motors Corp. v. Keystone Automotive Industries, Inc.*, Case No. 02-74587, slip. op., ¶ 5 (E.D. Mi. 6/16/04) (PX 4.)

In a similar manner, despite the objections, ITC chose to produce all relevant documents of which it was aware, regardless of the propriety of the objections. Thus, many of the foundational documents had been produced prior to any discovery. Further, on January 29, 2009, ITC produced extensive records, of which SEA's counsel copied 2793 documents and three computer disks having 2490 electronic files, primarily drawings. (PX 1, ¶¶ 2-3.)

B.   <u>"None Identified" Response</u>

As part of the groupings, SEA repeatedly asked follow-on document requests that read "Please produce all documents identified in your response to the previous interrogatory." If none were identified, ITC correctly responded that "None Identified."

SEA is challenging that response regarding the response to Document Request No. 1, reproduce above. SEA tries to accomplish that by omitting the first part of the request "Please produce all documents identified in your response to the previous interrogatory. Specifically," SEA only quotes the remainder of subsidiary sentence which continues: "provide a complete set of engineering drawings, blueprints or plans that have been, are being, or will be



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

used in conjunction with each float glass manufacturing plant project subsequent to the Muliaglass Project in which ITC has been involved, or plans to attempt to play any role in, to the extent they are known as of the date of your answer."[2]  When read in proper context, the response, made dependent *by SEA* on the previous interrogatory, is correct since no documents were identified in the prior interrogatory.  This same misdirection is attempted in regard to Document Requests 5, 13, 19 and 29.

C.      Over Sixteen Years Old Inquiry Objection

SEA has pled vague counterclaims allegedly arising as long as 20 year ago.  While ITC posed some pointed discovery to undercover the basis for these claims, SEA's has posed a number of requests that broadly direct ITC to search for matters more that 16 years old.  ITC properly objected to this burden being place on it.[3]  For example, Admission Request No. 2 reads:

> In an ITC letter dated June 6, 1991, you accuse SEA of "continuous and repeated failure…to perform its various contractual commitments with…('ITC')," related to the Muliaglass contract.  Admit that SEA did, in fact, comply with all of its contractual obligations to ITC under the Muliaglass contract.

Whether "SEA did, in fact, comply with all of its contractual obligations to ITC under the Muliaglass contract" is not at issue here.  Certain obligations of SEA *may* be at issue in SEA's counterclaim and, if so, can be the subject matter of pointed discovery requests.  ITC correctly responded:



Brooks Kushman P.C.
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel      (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

---

[2]  If the two sentences are considered disjointed and separate, the request is in violation of Rule 34(b)(1)(A) that requires a particularity in the request.

[3]  This is not to mean that ITC did not produce numerous records from more than 16 years ago, which it has.  It does not wish to go on the opened or irrelevant searches posed by SEA.

This request deals with matters over 16 years old and is objected to as not likely to lead to the discovery of admissible evidence and irrelevant to the issues at stake in this litigation. Without waiving the objections, this request is denied.

SEA has suggested no relevance or why the request would lead to admissible evidence. The responses should stand.

D.    Settlement Offer Objection

Requests 11, 12, 29 and 30 were objected to as directed to discovery of settlement offers in violation of FRE 408. *See, Goodyear Tire & Rubber. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003).

SEA responds incorrectly that these are not directed to settlement discussions, using as an example Admission Request No. 12. Yet, by its terms, the request is directed to an alleged statement by Mr. Wiley, ITC's president, to pay money "as settlement." Rule 408 is designed to protect parties when they discuss settlement which by its terms Request No. 12 is directed to.[4]

Similarly, the terms of Requests 11, 29 and 30 all refer to settlement discussions.[5]

The responses are proper.

E.    Verifications

Attached are the verification under penalty of perjury for the two sets of discovery. (PX 5 and PX 6.)

---



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

[4] ITC also objected to the request as not relevant. SEA suggests it is relevant by citing to an allegation in its counterclaim, but not to any issue involved in this litigation. It is not relevant to the issues in this case nor is ti directed to the discovery of admissible evidence.

[5] The Melia settlement has been produced to avoid dispute.

## IV.  **CONCLUSION**

On the basis of the foregoing, SEA's motion should be **DENIED** in its entirety.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

By:   /s/ Robert C. Brandenburg
      ROBERT C.J. TUTTLE       (P25222)
      ROBERT C. BRANDENBURG  (P28660)
      1000 Town Center
      Twenty-Second Floor
      Southfield, Michigan 48075-1238
      Tel:  (248) 358-4400 — Fax:  (248) 358-3351
      Email:     rtuttle@brookskushman.com
                    rbrandenburg@brookskushman.com

      *Attorneys for Plaintiffs*

Dated:  **April 6, 2009**



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield,  MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on  April 6, 2009, I electronically filed the foregoing **INTERNATIONAL TECHNOLOGIES CONSULTANTS AND DEAN WILEY'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL** with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Jerome B. Greenbaum and David E. Plunkett.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System:  NONE.

### BROOKS KUSHMAN P.C.

By:    /s/ *Robert C. Brandenburg*
    Robert C.J. Tuttle  (P25222)
    Robert C. Brandenburg  (P28660)
    1000 Town Center, 22nd Floor
    Southfield, Michigan  48075-1238
    Tel:        (248) 358-4400
    Fax:        (248) 358-3351
    E-mail:     rtuttle@brookskushman.com
                rbrandenburg@brookskushman.com
                *Attorneys for Plaintiff*



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com