UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL TECHNOLOGIES
CONSULTANTS, INC.,

        Plaintiff/Counter-Defendant,

v.

LESLIE T. STEWART

        Defendant,

and STEWART ENGINEERS & ASSOCIATES, INC.,      Case No. 07-13391
                                                                   Honorable Julian Abele Cook, Jr.

        Defendant/Counter-Plaintiff
        and Third-Party Plaintiff.

v.

DEAN WILEY,

        Third-Party Defendant.

## ORDER

On August 14, 2007, the Plaintiff, International Technologies Consultants, Inc. ("ITC"), filed a lawsuit with this Court in which it accused two of the Defendants, Leslie T. Stewart ("Stewart") and Stewart Engineers & Associates, Inc. ("SEA"), of (1) engaging in unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), (2) participating in common law unfair competition, (3) intentionally interfering with contractual relations, and (4) intentionally interfering with a business relationship or expectancy.

On August 26, 2009, the Court, acting upon a stipulation among the parties, entered a scheduling order which established July 30, 2009 as the deadline for the identification of all

1

witnesses in a trial, and October 30, 2009 as the deadline for the filing of dispositive motions.[1] In compliance with this deadline, ITC, SEA and Stewart filed motions for summary judgment. Notwithstanding, SEA and Stewart have filed requests with the Court, in which they seek to obtain an amendment of the August 26th scheduling order.

On November 19, 2009, SEA and Stewart sought leave to extend the deadline for the filing of their dispositive motions. It is their contention that they uncovered grounds for bringing two additional but limited dispositive motions against ITC.[2] In the Defendants' view, Fed. R. Civ. P. 16(b) provides the standard of good cause for amending the scheduling order because it would be more efficient to resolve these issues now as opposed to leaving them for consideration at trial. The Defendants also claim that extending the deadline would not prejudice ITC's interests in this litigation.

In a subsequent request, which was filed on May 28, 2010, SEA and Stewart have asked the Court for authority to amend the scheduling order so that they can add another person to their witness list; namely, Ludovic Boyer, who serves as the Chief Executive Officer of Fives Stein Belgium ("FSB"), formerly known as Belgium Glass Equipment ("BGE"). According to the Defendants, ITC used some of BGE's drawings in its preparation of plans for the development of a float bath facility for the Nippon Electric Glass Co., Ltd. ("NEG") in 1997, and later inappropriately claimed the drawings as its own. The Defendants posit that Boyer's testimony will be essential for the authentication of documents which, if admitted by the Court, would suggest

---

[1] On June 2, 2009, the Court amended its scheduling order for the first time at the parties' request.

[2] The Defendants included a copy of their proposed motions to their request to amend the scheduling order.

that ITC was in the habit of claiming that it created and owned certain float bath design images, when – in fact – those images were produced by other firms.

ITC opposes the Defendants' first request because in its judgment, (1) the Defendants have not shown either good cause under Fed. R. Civ. P. 16(b)(4) or excusable neglect under Fed. R. Civ. P. 6(b)(1) to justify the time extension. In ITC's view, the additional defenses that Stewart and SEA are attempting to raise should have and could have been timely filed. Moreover, ITC argues that the Defendants' proposed motions are futile as a matter of law.

As to the Defendants' second request, ITC claims that (1) the motion is untimely, (2) Boyer's testimony is irrelevant, and (3) even if relevant, it is excludable under Fed. R. Evid. 403, and (4) Boyer lacks personal knowledge of the facts to which he will purportedly testify.

II.

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court of Appeals for the Sixth Circuit has held that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.,* 281 F.3d 613, 625 (6th Cir. 2002). In considering a request to modify the scheduling order, "another relevant consideration is possible prejudice to the party opposing the modification." *Id.*

Upon applying this standard to the case at bar, the Court finds that the Defendants have not shown good cause for amending the current scheduling order on either ground. The sole basis for the Defendants' request for permission to bring additional claims is that resolving the issues now would promote a more "efficient and economical" resolution of these claims. (Defendants' Motion

3

at 2). However, the Defendants have not shown that, had they acted diligently, they could not have reasonably filed their proposed summary judgment claims before the dispositive motion deadline. The Defendants merely note that they first discovered these issues in preparing their response to ITC's motions. Yet, in the judgment of the Court, this rationale does not sufficiently explain why the Defendants could not have, with appropriate inquiry, learned of their defenses sooner, as they have had ample time to fully investigate such claims during the pendency of this litigation. The scheduling order has been amended twice, and the Defendants have not shown good cause for amending it a third time. Hence, the Court will deny the Defendants' November 19, 2009 motion.

Moreover, the Court also finds the Defendants' May 28, 2010 request to be without merit. To be sure, the Court is sensitive to the need of the Defendants to have an opportunity to challenge the veracity of ITC's claims about the origins of its claimed drawings. Nevertheless, the Court is not required to permit the introduction of evidence that will, at best, provide a basis for the impeachment of ITC's executives on a collateral matter. *See, e.g., Hawthorne Educational Services, Inc. v. Friedman,* 225 F.3d 658, *3 (6th Cir. June 8, 2000) (unpublished) (citing *Jones v. Southern Pacific R.R.*, 962 F.2d 447, 450 (5th Cir. 1992) ("There is no right to impeach a witness with respect to collateral or irrelevant matters . . . ."). In the judgment of the Court, the question of whether ITC misappropriated BGE's drawings on the NEG Project in 1997 is only marginally relevant to the broader claim at issue here, namely, whether ITC has improperly disclosed any of SEA's or Stewart's trade secrets. Moreover, the Court believes that allowing SEA and Stewart to launch into this analysis would needlessly open the door to unrelated and confusing inquiries about the scope of the contractual relationship between ITC and BGE/FSB, the ownership of the drawings, and the nature of ITC's use of the drawings on subsequent projects. In this regard, any

4

probative value that would be realized by the introduction of such evidence would be substantially outweighed by the danger of confusion of the issues and needless delay of the litigation. The request will therefore be denied.

### III.

For the reasons that have been stated above, both of SEA's and Stewart's motions to amend the scheduling order (Docket Entry No. 60 and Docket Entry No. 75), must be and are, denied.

IT IS SO ORDERED.

Dated: September 7, 2010  s/Julian Abele Cook, Jr.
 Detroit, Michigan  JULIAN ABELE COOK, JR.
  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 7, 2010.

 s/ Kay Doaks
 Case Manager