UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL TECHNOLOGIES
CONSULTANTS, INC.,

        Plaintiff/ Counter- Defendant

  v.                                     Case No. 07-13391
                                        Honorable Julian Abele Cook, Jr.

LESLIE T. STEWART and STEWART ENGINEERS
AND ASSOCIATES, INC.,

        Defendant/ Counter-Claimant

  v.

DEAN WILEY,

        Third-Party Defendant

ORDER

The Plaintiff, International Technologies Consultants, Inc. ("International Consultants"), is a Michigan corporation which oversees the construction of float glass plants. In its complaint, filed on August 14, 2007, International Consultants contends that the Defendants, Leslie T. Stewart and Stewart Engineers and Associates[1] ("Stewart Engineers") have (1) engaged in acts of unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), (2) participated in common law unfair competition, (3) intentionally interfered with its contractual relations with other companies, (4) purposefully interfered with a business relationship or expectancy, and (5)

---

[1] Leslie T. Stewart is the president, director, and sole shareholder of Stewart Engineers & Associates, Inc.

libeled it within their trade circles.

In particular, the Plaintiff accused the Defendants of wrongfully communicating misleading statements to its customers and business associates in the float glass industry which, in turn, substantially damaged its reputation within this business community. On September 4, 2007, the Defendants counterclaimed, alleging (1) breach of contract, (2) interference with a business relationship or expectancy, and (3) violations of Michigan's Uniform Trade Secrets Act.

On August 23, 2007, International Consultants filed a motion seeking to obtain a preliminary injunction that would prevent the Defendants from engaging in conduct which had allegedly caused it to suffer irreparable damages to its business interests. On September 20, 2007, the Court entered an order that directed the Defendants "to refrain from communicating, or attempting to communicate - directly or indirectly - with any non-parties whom they know, or have reason to know, have or may have an actual or prospective business relationship with the Plaintiff relating to matters which pertain to the float glass technology." On September 23, 2008, the Court entered preliminary injunction enjoining "the Defendants from communicating with any non-parties to this litigation who have, or may have, an actual or prospective business relationship with the Plaintiff regarding the ownership of the float glass technology during the pendency of this case."

On December 14, 2010, the Plaintiff filed a motion in which it waived any and all claims to legal remedies arising from the claims of its complaint. The Court noted that since the Plaintiff waived all legal remedies, leaving it only to pursue equitable relief, the Court had cause to re-examine whether the parties had standing in federal court.

In the Court's order of September 9, 2011 the Court directed the Plaintiff "to indicate in writing and otherwise show good cause as to why its claims against Stewart Engineers should not

2

be dismissed for lack of standing under Article III to the United States Constitution, in light of its waiver of any and all legal remedies which it acknowledges only leaves it to pursue equitable relief."

I.

A challenge to standing may be brought at any time in the form of a motion to dismiss. *Fieger v. Terry*, 471 F.3d 637, 643. If the plaintiff loses standing at any time during the pendency of the proceedings, the matter becomes moot, and the court loses jurisdiction. 15 J. Moore et al., Moore's Federal Practice § 101.90 (3d ed. 2011). An action or complaint may be dismissed on the grounds that the case has become moot. *Powell v. McCormack*, 395 U.S. 486 (1969). Standing must be present at all stages of the litigation, including on appeal. *See, e.g. Parvati Corp. v. City of Oak Forest, Ill.,* 630 F.3d 412 (7th Cir.2010). If a claim has become moot prior to the entry of a final judgment, the district court generally should dismiss the claim for lack of jurisdiction. *See, e.g., Detroit, Toledo and Ironton R. Co. v. Consolidated Rail Corp.,* 767 F.2d 274 (6th Cir.1985) (affirming dismissal for mootness). Further, the Court has an independent obligation to assure itself that standing exists, regardless of whether it is challenged by any of the parties. *Summers v. Earth Island Institute,* 555 U.S. 488 (2009).

One element of the constitutional requirement of standing is that the plaintiff must demonstrate a distinct and palpable injury that is likely to be redressed if the requested relief is granted. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464 (1982). Standing requires that a plaintiff allege a personal injury that is fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).

II.

In the case at bar, the plaintiff has waived all legal remedies leaving only an equitable claim for a permanent injunction. International Consultants seeks an permanent injunction remedying Stewart Engineer's allegedly deceptive past marketplace practices. A party seeking injunctive relief must make a showing of concrete and particularized allegations of a threat of a future injury as the result of the defendant's actions. *Friends of Tims Ford v. Tennessee Valley Authority*, 585 F.3d 955 (970-71) (6th Cir.2009) (insufficient basis for plaintiff to only demonstrate past injury when pursuing declaratory and injunctive relief); *Steel Co. v. Citizens for a Better Environment* 523 U.S. 83, 109 (1998) (since plaintiff alleged "only past infractions . . .and not a continuing violation or the likelihood of a future violation, injunctive relief will not redress its injury.").

A review of the complaint demonstrates that International Consultants has failed to allege any continuing threat of future injury that could be redressed by the issuance of a permanent injunction. Rather, the complaint alleges past injuries sustained by the mailing of letters by the Defendants in 2007. A forward looking permanent injunction could not redress damages sustained by the Plaintiff in the past. For whatever reason, International Consultants has affirmatively waived its right to pursue any legal remedies in this case, including money damages. Therefore, this claim must be dismissed for lack of jurisdiction.

III.

Plaintiff urges the Court to grant it leave to amend its complaint. Fed. R. Civ. P. 15(a)(2) states that leave to amend should be granted "when justice so requires." The Supreme Court set forth the following standard to determine whether leave to amend should be granted:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

> merits. In the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.' *Foman v Davis* 371 U.S. 178, 182-83 (1962).

Additionally, once the scheduling order's deadline has passed, a plaintiff seeking leave to amend must show good cause under Fed. R. Civ. P. 16(b). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir.2003).

In this case, the deadline for discovery passed on October 16, 2009. The deadline for dispositive motions passed on October 30, 2009. It would be prejudicial to the Defendants to allow International Consultants to amend its complaint and recast the claims at this late stage in the proceedings. Additionally, International Consultants has failed to demonstrate good cause for their failure to adequately assert the continuing threat of a future injury.

The only claims remaining before the Court are state law claims. Under 28 U.S.C. § 1367(c)(3), a court may decline to exercise its supplemental jurisdiction if all claims over which it had original jurisdiction are dismissed. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) (internal citations omitted). However, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Therefore, the court will decline to exercise supplemental jurisdiction over the pending state law claims.

### IV.

For the foregoing reasons, the Court dismisses the remaining state law claims without prejudice. International Consultants's motion to reconsider is therefore moot. (ECF 108).

5

The preliminary injunction that was entered on September 23, 2008 is dissolved immediately. The case is closed.

    IT IS SO ORDERED.


Date: March 8, 2012                                        s/Julian Abele Cook, Jr.
                                                                 JULIAN ABELE COOK, JR.
                                                                 U.S. District Court Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 8, 2012.

                                                                            s/ Kay Doaks
                                                                            Case Manager