UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL TECHNOLOGIES
CONSULTANTS, INCORPORATED,

        Plaintiff/Counter- Defendant,

                              Case No. 07-13391
v.                                     Honorable Julian Abele Cook, Jr.

LESLIE T. STEWART,

        Defendant,

and

STEWART ENGINEERS & ASSOCIATES, INC.,

        Defendant/ Counter-Plaintiff

v.

DEAN WILEY,

        Third-Party Defendant

ORDER

On August 14, 2007, the Plaintiff, International Technologies Consultants ("ITC") initiated this lawsuit, in which it contended that the Defendants, Leslie T. Stewart and Stewart Engineers et al, had (1) engaged in acts of unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1123(a)(1)(B); (2) knowingly participated in common law unfair competition; (3) intentionally interfered with its contractual relations with other companies; (4) purposefully interfered with a business relationship or expectancy; and (5) transmitted libelous communications

1

to other entities within its trade circles.

On March 8, 2012, this Court entered an order of dismissal after concluding that it did not have subject matter jurisdiction to resolve the disputed issues in this case. On April 5, 2012, the Defendants filed a motion, seeking attorney fees and costs - a request that was subsequently referred by the Court to a magistrate judge who, after giving the issue full consideration, recommended a denial of the-then pending motion. Objections by the Defendants followed.

I.  Statement of Facts and Procedural History

The facts in this case, having been fully set forth in prior orders by this Court, will be briefly summarized here for background purposes. In its initial pleadings, the Plaintiff - a Michigan corporation which oversees the construction of float glass plants- complained that the Defendants had intentionally disseminated a series of letters to others within its industry which contained false information regarding its ownership of designs for the construction of float baths. The Plaintiff, believing that these letters damaged its reputation within the business community, cited to the Lanham Act, 15 U.S.C. § 1123(a)(1)(B) and the law in Michigan to support its argument.

On August 23, 2007, the Plaintiff filed a motion, seeking to obtain a preliminary injunction which, if granted, would prevent the Defendants from engaging in conduct that had allegedly caused it to suffer an irreparable damage to its business interests. On September 4, 2007, the Defendants - in their response to the Plaintiff's accusations - filed a motion to dismiss and a counterclaim wherein they accused the Plaintiff and Third-Party, Dean Wiley, with having unlawfully disclosed confidential trade secrets that had been protected by the parties' contract.

On September 20, 2007, this Court entered an order which directed the Defendants to "refrain from communicating, or attempting to communicate - directly or indirectly - with any non-parties, whom they know, or have reason to know, have or may have an actual or prospective

business relationship with the Plaintiff relating to matters which pertain to the float glass technology." (ECF 18). On March 31, 2008, the Defendants' motion to dismiss was denied. (ECF 26).

On September 23, 2008, the Court entered a preliminary injunction which restrained "the Defendants from communicating with any non-parties to this litigation who have, or may have, an actual or prospective business relationship with the [P]laintiff regarding the ownership of the float glass technology during the pendency of this case." (ECF 38). On October 30, 2009, the Defendants moved for the entry of a partial summary judgment as it applied to the Plaintiff's then-pending claims. On September 22, 2010, the Court entered an order which (1) denied the Defendants' motion for partial summary judgment, and (2) granted the Plaintiff's motion for summary judgment. (ECF 80). Subsequently, the Plaintiff filed a motion in which it waived all claims to legal remedies, excepting therefrom only an equitable claim for the entry of a permanent injunction. However, inasmuch as the Plaintiff had not alleged any continuing threat of a future injury that could be redressed by the issuance of a permanent injunction, the case was dismissed for lack of standing. (ECF 116).

It is the responsibility of the Court to review de novo those parts of a report to which a specific objection has been made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(3). However, it is neither required to review nor precluded from reviewing those portions of a report to which no objections have been filed. *See Thomas v. Arn*, 470 U.S. 140, 150-51 (1985) ("It does not appear that Congress intended to require a district court to review a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. . . . [W]hile the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo*

or any other standard.").

II. <u>Attorney Fees under the Lanham Act</u>

While the general rule in American civil litigation is that litigants bear their own legal costs, Congress has authorized an award of attorney fees to prevailing parties in numerous statutes. The Lanham Act, authorizes such an award, states: "[t]he Court in exceptional cases may award reasonably attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Therefore, to determine if a party is entitled to attorney fees requires two inquiries: whether (1) the requesting party was the "prevailing party," and (2) the case is "exceptional." *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006).

The Supreme Court has stated that "the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas State Teacher Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989). The Sixth Circuit has opined that "[t]o be a prevailing party, a party must receive at least some relief on the merits of [its] claims such as a judgment, an injunction, or a consent decree." *Associated General Contractors of Tenn., Inc. v. County of Shelby*, 5 Fed. Appx. 374, 377 (6th Cir. 2001). The litigant, while not needing to prevail on all claims, need only to "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Although the Lanham Act does not define "exceptional," the Sixth Circuit has held that "an exceptional case is one where a defendant engaged in trade practices that were malicious, fraudulent, willful or deliberate, . . . or where a plaintiff brings a suit that could fairly be described as oppressive." *See Balance Dynamics Corp. v. Schmitt Indus., Inc.* 2000 WL 226959, at *1 (6th Cir. 2000) (unpublished) (internal quotations and citations omitted). The Sixth Circuit has also

4

indicated that the "oppressive" standard applicable to prevailing defendants requires "an objective inquiry into whether the suit was unfounded when it was brought and a subjective inquiry into the plaintiff's conduct during litigation. . . awarding attorney fees to a prevailing defendant is meant to provide protection against unfounded suits brought by trademark owners for harassment and the like" *Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 728-29 (6th Cir. 2004) (internal citation and quotations omitted).

After reviewing the parties' briefs as well as the report from the magistrate judge, the Court concludes that the Defendants' motion for attorney fees under the Lanham Act must be denied. The magistrate judge correctly determined that (1) the Defendants were not the prevailing parties, and (2) this is not an exceptional case. However, the movants take exception to this view of the law by the Court, contending that they are - in fact - the "prevailing parties" on three significant issues; namely, (1) the Plaintiff's claim under the Lanham Act was dismissed, (2) the preliminary injunction was vacated; and (3) all remaining state law claims were dismissed without prejudice. However, "[t]o be a prevailing party, a party must receive at least some relief on the merits of [its] claims such as a judgment, an injunction, or a consent decree." *Associated General Contractors*, 5 Fed. Appx. at 377 (6th Cir. 2001). The Court dismissed the Plaintiff's claim for a lack of jurisdiction because it (1) had waived all claims to legal remedies and (2) failed to allege any continuing threat of future injury which could be redressed by the issuance of a permanent injunction. A dismissal for a lack of jurisdiction - as found in this case - does not constitute an adjudication on the merits for purposes of determining a "prevailing party." *See Associated General Contractors*, 5 Fed. Appx. at 377 (district court did not reach merits of case because issues in controversy were dismissed for lack of jurisdiction). Further, the Defendants failed to demonstrate that this case is "exceptional" and that the Plaintiff's conduct was oppressive. It is also significant

5

that the Defendants failed to object to the finding by the magistrate judge who concluded that they were not the prevailing party in this litigation which had the legal and practical effect of precluding them from recovering attorney fees under the Lanham Act.

III.     Attorney Fees under the Inherent Powers of the Court

The Defendants also submit that - as an alternative measure - they are entitled to receive attorney fees under the inherent powers of the Court. In *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-6 (1991), the Supreme Court recognized the inherent powers of a federal court to sanction bad-faith conduct in litigation. *See also BDT Prods., Inc. v. Lexmark Int'l, Inc.,* 602 F.3d 742, 752 (6th Cir. 2010) ("a court may assess attorney fees against a party under the court's inherent powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.")

To impose sanctions for bad-faith litigation under its inherent power, the Court must find that (1) the claims advanced lacked merit; (2) the counsel for the offending party knew or had reason to know the claims lacked merit; and (3) the motive for filing the lawsuit was an improper purpose (e.g., harassment). *First Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). The Sixth Circuit has held that "bad faith is a requirement for the use of the district court's inherent authority." *Id*. at 519. Furthermore, the Sixth Circuit has concluded that the "mere fact that an action is without merit does not amount to bad faith." *BDT Prods*. 602 F.3d at 753 (internal quotations omitted). Rather,

> the court must find *something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings. Examples of "something more" include: a finding that the plaintiff filed the suit for purposes of harassment or delay, or for other improper reasons, a finding that the plaintiff filed a meritless lawsuit and withheld material evidence in support of a claim, or a finding that a party was delaying or disrupting the litigation or hampering enforcement of a court order. *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (citations omitted).

Here, the Defendants proclaim that the Plaintiff should have known that its claims were not well-

grounded when it commenced this litigation. The Plaintiff disagrees by correctly pointing to its success in obtaining a preliminary injunction and defeating two of the Defendants' counterclaims on summary judgment.

In his report, Magistrate Judge Hluchaniuk found that the Defendants had failed to show that (1) there was no merit to the Plaintiff's claims, (2) the Plaintiff knew or had reason to know that its claims lacked merit, and (3) the Plaintiff had an improper motive for filing this lawsuit. Furthermore, it should also be noted that the Plaintiff prevailed in its quest for the issuance of a preliminary injunction, and was the recipient of a preliminary finding by the Court that it was likely to succeed on the merits in this litigation. Moreover, the record in this cause reflects that the Plaintiff had successfully challenged two of Defendant's applications for summary judgment. Ultimately, the Court dismissed the Lanham Act claim on jurisdictional grounds and not on the merits. The Court dismissed the remaining state law claims without prejudice. Magistrate Judge Hluchaniuk's report concluded that inasmuch as the Plaintiff had not filed this lawsuit in bad faith, the Defendants' motion for attorney fees pursuant to the inherent powers of the Court must be denied.

The Defendants have objected to the conclusions by Magistrate Judge Hluchaniuk in his report. First, they point to a minor factual discrepancy within his report which purportedly states that the Plaintiff, in its complaint, refers to letters allegedly written by the Defendants that commented on the quality of the Plaintiff's work product. The Defendants are correct to note that the letters disputed the ownership of the work, and did not refer to the quality of the work. However, this factual discrepancy is of no relevance to the question of attorney fees. There is neither any reliance on this statement in the report nor is the "quality" of the work referenced elsewhere in the report. This minor misstatement of fact has no practical bearing on the substantive

7

legal analysis.

The Defendants also objects to the reliance by the Plaintiff on the earlier orders by the Court. The Defendants do not point to any case law to support their contention that the Court should not incorporate its rulings, including those rendered during the early stages of this litigation, when attempting to determine whether this lawsuit was pursued in bad faith. Notwithstanding this argument, the Court has an obligation to review the entire record in order to determine if litigation was pursued in bad faith. Significantly, the record in this action includes the decision by the Court to partially grant the Plaintiff's requested preliminary injunction.

The Defendants also challenge Magistrate Judge Hluchaniuk's determination that the Plaintiff's lawsuit was not oppressive. It is their view that the Plaintiff knew that this action was unfounded from its outset. In furtherance of this argument, the Defendants submit that the Plaintiff proffered false deposition testimony from the Third Party Defendant, Dean Wiley, to the Court. It is their view that Wiley knew that they (i.e., the Defendants) were the owners of the technology at issue, even though the complaint states otherwise. Notwithstanding, it should be noted that the Court has previously determined that (1) this apparent inconsistency was a question of a material fact which did not constitute an established act of fraud or misrepresentation. (ECF 106 at p.8), and (2) the Plaintiff was likely to succeed on the merits of its claims when it partially granted the Plaintiff a preliminary injunction. Therefore, while there may have been some disputed facts, there is no evidence that the Plaintiff knew or should have known that its lawsuit was not grounded in fact. The Defendants have not demonstrated that the Plaintiff's conduct was oppressive.

Accordingly, the Defendants' motion for attorney fees and costs is denied for the reasons that have been outlined hereinabove. (ECF 117). Magistrate Judge Hluchaniuk's report and recommendation is adopted. (ECF 152).

IT IS SO ORDERED.

Date: March 25, 2013							s/Julian Abele Cook, Jr.
											JULIAN ABELE COOK, JR.
											U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 25, 2013.

											s/ Kay Doaks
											Case Manager